IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

*By mgarcia at 3:10 pm, Feb 07, 2020*

| | |
|---|---|
| ANTHONY WHITE, | |
| Plaintiff, | CIVIL ACTION NO.: 2:18-cv-71 |
| v. | |
| SHERIFF JIM PROCTER; MAJOR MASTROLANNI; GUNNERY SGT. ERIC WATSON; DET. CHRISTOPHER KING; and NURSE MIKE, | |
| Defendants. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff brought this 42 U.S.C. § 1983 action while incarcerated at Camden County Public Safety Complex in Woodbine, Georgia, to challenge certain conditions of his confinement. Docs. 1, 6.[1] This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's failure to protect claim against Defendant King. However, after the requisite frivolity review, I **FIND** Plaintiff sets forth other non-frivolous claims. Specifically, the Court directs service, by separate Order, of Plaintiff's deliberate indifference claims against Defendants Procter, Mastrolanni, Watson, and Nurse Mike.

---

[1] The instant action was consolidated with another, Civil Action 2:18-cv-72, both of which "involve a common question of law or fact." Doc. 5. The Complaint filed in this action, 2:18-cv-71, is an attachment drafted on notebook paper, while the Complaint filed in 2:18-cv-72 is drafted on this Court's § 1983 complaint form. The claims stated and Defendants named in both cases are the same, but some facts are alleged in one document and not the other. Therefore, the Court considers Document 1 to be the operative Complaint and Document 6 to be a supplement; both Complaints are considered together in evaluating the merits of Plaintiff's case.

## BACKGROUND[2]

In November 2019, Plaintiff was kidnapped at gunpoint, beaten, and injected with drugs by Montrell Williams, Marcus Johnson, and a third unknown, African American man. Doc. 1 at 7. Hours later, Plaintiff was arrested. Id. At the Camden County Safety Complex, where Plaintiff was held as a pretrial detainee, Plaintiff allegedly told prison staff of the three men, including Montrell Williams, who assaulted, kidnapped, and held him at gunpoint, then drugged him. Id. During a bond hearing, Plaintiff asked the presiding judge about securing warrants on Montrell Williams and Marcus Johnson. Id. Defendant King was involved in the investigation surrounding Plaintiff's arrest and testified during Plaintiff's preliminary hearing. Id. at 6. Thereafter, Plaintiff was brought to the Camden County Public Safety Complex. Id. At various times, Plaintiff and his parents requested to speak with Defendants Sheriff Procter and Major Mastrolanni, doc. 1 at 7, both of whom had control over the inmates' placements in the jail dorms. Id. Plaintiff filled out request forms to speak with Procter and Mastrolanni, and his parents left messages at the Defendants' phone numbers, ostensibly regarding Montrell Williams and Marcus Johnson. Id. Plaintiff also asserts Defendant Watson had control over inmate placement in the jail dorms and was aware of Plaintiff's and his parents' pleas regarding the two men. Id. at 5.

The following April, Montrell Williams and his brother, Quadrae Hobbs, were placed in the same dormitory as Plaintiff. Id. The morning after that placement, Montrell Williams and Quadrae Hobbs came into Plaintiff's cell and kicked and beat him in the head and face. Id. at 8. During the attack, Plaintiff's right eye was injured when his glasses broke into his eye, his left pinky finger was dislocated, and another finger was broken. Docs. 1, 6. In the medical ward,

---

[2] During frivolity review, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

Defendant Nurse Mike wrapped up Plaintiff's hand, doc. 1 at 8, and prescribed him 800mg of ibuprofen, id. at 6. Plaintiff's finger was not otherwise treated; he continues to experience numbness, and his broken finger healed improperly and must be re-broken. Id. As relief, Plaintiff requests $3.2 million in compensatory damages and to be moved to another dorm. Doc. 5 at 5.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all prisoner complaints. 28 U.S.C. § 1915A(a). During the initial screening, the court must identify any cognizable claims in the complaint. §1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.[3] Id. In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than

---

[3] Similarly, the Court must also conduct an initial screening of any action in which the plaintiff is proceeding *in forma pauperis*. 28 U.S.C. § 1915(a).

3

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

Plaintiff's claims against Defendant King are due to be dismissed at frivolity review. Prison officials must "take reasonable measures to guarantee the safety of the inmates." Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2014) (quoting Farmer v. Brennan, 511 U.S. 825, 832 (1994)).  In fact, "[a] prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment if [the official] is deliberately indifferent to a substantial risk of serious harm to an inmate who suffers injury.  Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016).  To establish a § 1983 claim for deliberate indifference, a plaintiff must show "(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation."  Id.

The first element of deliberate indifference—whether there was a substantial risk of serious harm—is assessed objectively and requires the plaintiff to show "conditions that were extreme and posed an unreasonable risk of serious injury to his future health or safety."  Id. The second element—whether the defendant was deliberately indifferent to that risk—has both a subjective and an objective component.  Subjectively, the "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and ... also draw the inference."  Rodriguez v. Sec'y for Dep't of Corr., 508 F.3d 611, 617 (11th Cir. 2007) (quoting Farmer, 511 U.S. at 837).  Objectively, the official must have responded to the known risk in an unreasonable manner, in that he or she "knew of ways to reduce the harm" but knowingly or recklessly declined to act.  Id. at 620 (quoting Hale v. Tallapoosa County, 50 F.3d 1579, 1583 (11th Cir. 1995)).  At this step, Plaintiff's claim against Defendant King fails.

4

Plaintiff asserts that Defendants were subjectively aware of the risk posed to his safety by Montrell Williams. However, to be liable, Defendants must have responded to this risk unreasonably. Here, Plaintiff does not assert Defendant King possessed any control over inmate placement at Camden County Public Safety Complex. Indeed, Defendant King is a detective who merely investigated Plaintiff for criminal activity; Defendant King has no authority over pre-trial detainees. Nevertheless, Plaintiff alleges Defendant King's testimony during a pre-trial hearing "allowed the risk for Montrell Williams and others to seriously harm [him]." Doc. 1 at 6. Such a logical leap between Defendant King's involvement in this case and Plaintiff's harm shows neither subjective awareness of risk nor objective indifference on Defendant King's part. Thus, at this stage, the Court should **DISMISS** Plaintiff's deliberate indifference claim against Defendant King.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS** Plaintiff's failure to protect claim against Defendant King.

Any party seeking to object to this Report and Recommendation shall file specific written objections within 14 days of the date on which this Report and Recommendation is entered. See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2). Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence. Furthermore, it is not necessary for a party to repeat legal arguments in objections. The parties

are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.   Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.   Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 7th day of February, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA